Citation Nr: 1522723 
Decision Date: 05/29/15 Archive Date: 06/11/15

DOCKET NO. 12-33 158 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).


REPRESENTATION

Veteran represented by: Oregon Department of Veterans' Affairs


WITNESSES AT HEARING ON APPEAL

The Veteran and R.K.


ATTORNEY FOR THE BOARD

J. Hager, Counsel

INTRODUCTION

The Veteran served on active duty from June 1973 to November 1976.

This matter comes before the Board of Veterans' Appeals (Board) from a December 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon. In that decision, the RO denied entitlement to service connection for PTSD. The issue has been recharacterized more broadly for the reasons outlined below.

The Veteran and R.K. testified at a Board hearing in April 2014. A transcript is of record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Service connection for PTSD requires medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125(a); a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f) (2014).
 
The Veteran claims that while serving aboard the U.S.S. Snook, the ship became entangled in the net of a Soviet fishing trawler, and that such incident led to his claimed psychiatric disorder. Internet materials appear to confirm that Snook did in fact become entangled in the net of a fishing trawler while the Veteran was aboard. The primary issue that has been adjudicated in this case is whether the Veteran has PTSD as a result of this stressor. VA treatment notes, however, reflect that the Veteran has also been diagnosed with other psychiatric disorders, including major depressive disorder, bipolar disorder, and generalized anxiety disorder. The Veteran was also diagnosed with dysthymic disorder on VA examination in November 2010. The Board has therefore recharacterized the issue on appeal more broadly, to encompass any diagnosed acquired psychiatric disorder. See generally Clemons v. Shinseki, 23 Vet. App. 1, 4-5 (2009) (holding that what constitutes a claim is not a Veteran's own characterization of the disorder for which he seeks service connection, but that claims must be construed based on the reasonable expectations of the non-expert claimant and the evidence developed in processing the claim). 

The record contains conflicting opinions as to the Veteran's current psychiatric diagnosis. There are diagnoses of PTSD from nurse practitioners in the VA treatment records, and there is also a December 2013 PTSD diagnosis by a VA psychiatrist, with the qualification: "Information contained in this note is based on a self-report assessment and is not sufficient to use alone for diagnostic purposes. Assessment results should be verified for accuracy and used in conjunction with other diagnostic activities." The VA psychologist who conducted the November 2010 VA examination concluded that the Veteran did not have PTSD based on the Veteran's documented history and the results of psychiatric testing. The psychologist took issue with the prior PTSD diagnoses, indicating that they were derived without the benefit of psychological testing and relied on the Veteran's self-report of his symptoms. The VA psychologist did not, however, address whether the diagnosed dysthymic disorder was related to service. Moreover, the Veteran challenged the adequacy of the examination, which he contended focused on computer and written tests to the exclusion of the examination of, and discussion with, the Veteran.

Given the conflicting diagnoses and actual and alleged inadequacies of the November 2010 VA examination, the Board finds that a new VA examination by a different VA psychologist or psychiatrist that addresses the etiology of all diagnosed psychiatric disorders is warranted. 

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for an examination by a VA psychologist or psychiatrist who has not previously examined the Veteran to determine the nature and etiology of his claimed acquired psychiatric disorders including, but not limited to, PTSD. The entire claims file should be made available to and be reviewed by the clinician, and it should be confirmed that such records were available for review. 

After conducting an examination of the Veteran and performing any clinically-indicated diagnostic testing, the examiner should identify any acquired psychiatric disorders found to be present since the Veteran filed his claim in February 2010.

For each acquired psychiatric disorder identified, the examiner should provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the disorder is related to any incident of service, including the incident in which the Veteran's submarine was caught in the net of a Soviet fishing trawler. 

A report of the examination should be prepared and associated with the Veteran's VA claims file. A complete rationale must be provided for all opinions rendered. If the examiner cannot provide the requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation. 

2. After the above development has been completed, readjudicate the issue on appeal. If any benefit sought on appeal remains denied, furnish the Veteran and his representative with a Supplemental Statement of the Case and return the case to the Board, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DONNIE R. HACHEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).